## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM DAVILA, : | |
|     Plaintiff : | |
| : | No. 1:20-cv-00763 |
| v. : | |
| : | (Judge Kane) |
| UNITED STATES OF AMERICA, et al., : | |
|     Defendants : | |

### MEMORANDUM

On May 11, 2020, pro se Plaintiff William Davila ("Plaintiff"), who is presently confined at the Federal Correctional Institution Allenwood in White Deer, Pennsylvania ("FCI Allenwood"), initiated the above-captioned case by filing a complaint pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). (Doc. No. 1.) Plaintiff has also filed a motion for leave to proceed in forma pauperis. (Doc. No. 5.) Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"),[1] the Court will perform its mandatory screening of Plaintiff's complaint. For the reasons set forth below, the Court will grant Plaintiff's motion for leave to proceed in forma pauperis and dismiss his complaint with leave to amend.

### I. BACKGROUND

In his complaint, Plaintiff names the United States of America, Dr. Ball ("Ball"), Ms. Gore ("Gore"), Susan Hamilton ("Hamilton"), A. Yordy ("Yordy"), Ashley Swineford ("Swineford"), Jay Miller ("Miller"), R. Studlack ("Studlack"), Dr. Elizabeth Stahl ("Stahl"), D.K. White ("White"), Dr. Carvajal ("Carvajal"), and William Barr ("Barr") as Defendants in

---

[1] See The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (Apr. 26, 1996).

this matter. (Doc. No. 1 at 2-3.) A teleradiology report entered on January 28, 2019 noted that Plaintiff had a "Dupuytren's contracture of 3rd, 4th, 5th digits of [bilateral] hands (severe on left hand)." (Id. at 1.) Plaintiff alleges that on August 16, 2019, he "underwent surgery to his left hand." (Id. at 1-2.) This surgery was performed by Defendant Ball at the Geisinger Medical Center in Danville, Pennsylvania. (Id. at 2.) Subsequently, Defendant Ball took note of Plaintiff's complaints of ongoing drainage from the surgical incision. (Id.)

On September 11, 2019, Defendant Ball wrote a report stating that Plaintiff's left hand had a "release of Dupuytren's" as of August 16, 2019. (Id.) Plaintiff saw Defendant Ball on August 20, 2019, at which time Defendant Ball recommended that Plaintiff's dressing be changed weekly, his sutures be removed on September 9, 2019, and that he be seen for a recheck "in the next ortho clinic." (Id.) Plaintiff maintains that Defendant Ball took this action despite Plaintiff's "numerous complaints" about pain in his left hand and being unable to close his hand because of the sutures. (Id.) Plaintiff also alleges that he had only 50% mobility in his left hand. (Id.)

Plaintiff alleges further that on September 16, 2019 he saw Dr. Steven Andrew at the Geisinger Medical Center. (Id.) He maintains that Dr. Andrew "disregard[ed] the pain and the obvious condition of his left hand," and also "ignor[ed] Plaintiff's request for further treatment leaving his hand to be deformed, and with less mobility than [before] his surgery." (Id.) Plaintiff asserts that, at present, "his hand has not healed completely showing lack of mobility on all fingers, especially the fourth and fifth fingers." (Id.) He claims that he "cannot perform simple tasks without much effort and pain." (Id.) Based on the foregoing, Plaintiff asserts that Defendants violated his Eighth Amendment rights by demonstrating deliberate indifference to

his medical needs. (Id. at 3.) Plaintiff also suggests that Defendants have committed malpractice. (Id.) As relief, Plaintiff requests damages. (Id. at 4.)

## II. LEGAL STANDARD

### A. Screening and Dismissal of Prisoner Complaints

Under 28 U.S.C. § 1915A, federal district courts must "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." See 28 U.S.C. § 1915A(a). If a complaint fails to state a claim upon which relief may be granted, the Court must dismiss the complaint. See id. § 1915A(b)(1). District courts have a similar screening obligation with respect to actions filed by prisoners proceeding in forma pauperis and prisoners challenging prison conditions. See id. § 1915(e)(2)(B)(ii) ("[T]he [C]ourt shall dismiss the case at any time if the [C]ourt determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted . . . ."); 42 U.S.C. § 1997e(c)(1) ("The [C]ourt shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility if the [C]ourt is satisfied that the action . . . fails to state a claim upon which relief can be granted.").

In dismissing claims under §§ 1915(e), 1915A, and 1997e, district courts apply the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See, e.g., Smithson v. Koons, No. 15-01757, 2017 WL 3016165, at *3 (M.D. Pa. June 26, 2017) ("The legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."); Mitchell v. Dodrill, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010) (explaining that when dismissing a complaint

3

pursuant to § 1915A, "a court employs the motion to dismiss standard set forth under Federal Rule of Civil Procedure 12(b)(6)"). To avoid dismissal under Rule 12(b)(6), a civil complaint must set out "sufficient factual matter" to show that its claims are facially plausible. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). When evaluating the plausibility of a complaint, the Court accepts as true all factual allegations and all reasonable inferences that can be drawn from those allegations, viewed in the light most favorable to the plaintiff. See id. at 679; In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010). However, the Court must not accept legal conclusions as true, and "a formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007).

Based on this standard, the United States Court of Appeals for the Third Circuit has identified the following steps that a district court must take when reviewing a Rule 12(b)(6) motion: (1) identify the elements that a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint that are "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief." See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010). In addition, in the specific context of pro se prisoner litigation, a district court must be mindful that a document filed pro se is "to be liberally construed." See Estelle v. Gamble, 429 U.S. 97, 106 (1976). A pro se complaint, "however

inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks omitted) (quoting Estelle, 429 U.S. at 106).

### B. Bivens Action

A Bivens civil rights action asserted under § 1331 is evaluated using the same standards applicable to a § 1983 civil rights action. See Paton v. LaPrade, 524 F.2d 862, 871 (3d Cir. 1975); Veteto v. Miller, 829 F. Supp. 1486, 1492 (M.D. Pa. 1992). To state a claim under Bivens, a plaintiff must allege that he was deprived of a federal right by a person acting under color of federal law. See Young v. Keohane, 809 F. Supp. 1185, 1199 (M.D. Pa. 1992).

## III. DISCUSSION

### A. Plaintiff's Complaint

#### 1. Claims Against the United States

Plaintiff has named the United States of America as a Defendant in this action. Plaintiff, however, cannot maintain a Bivens action against the United States. See Webb v. Desan, 250 F. App'x 468, 471 (3d Cir. 2007) (noting that "Bivens claims against the United States are barred by sovereign immunity, absent an explicit waiver"). Accordingly, Plaintiff's claims against the United States are subject to dismissal on the basis of sovereign immunity.

#### 2. Claims Against Defendants Miller, Gore, Hamilton, Yordy, Swineford, Studlack, Stahl, White, Carvajal and Barr

In his complaint, Plaintiff maintains that Defendants Miller, Gore, Hamilton, Yordy, Swineford, Studlack, Stahl, White, Carvajal, and Barr demonstrated "deliberate indifference towards [him] causing damages described in the action." (Doc. No. 1 at 3.) However, for a Bivens claim to survive a motion to dismiss, the plaintiff must sufficiently allege that the defendant was personally involved in the act or acts that the plaintiff claims violated his rights.

See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988); Solan v. Ranck, 326 F. App'x 97, 100 (3d Cir. 2009). In the instant case, Plaintiff has not adequately pled facts regarding how Defendants Miller, Gore, Hamilton, Yordy, Swineford, Studlack, Stahl, White, Carvajal, and Barr demonstrated deliberate indifference to his medical needs. See Lawal v McDonald, 546 F. App'x 107, 113 (3d Cir. 2014) (concluding that the plaintiff's collective use of the word "Defendants" failed to adequately plead which specific defendant engaged in the specific conduct alleged by the plaintiff); Hudson v. City of McKeesport, 244 F. App'x 519, 522 (3d Cir. 2007) (affirming the dismissal of one defendant because the complaint did not provide any basis for a claim against him). Without more, the Court cannot proceed on Plaintiff's claims against these individuals as pled.

It also appears that Plaintiff seeks to proceed against Defendants White, Carvajal, and Barr based upon their respective supervisory positions within the Department of Justice and the BOP. Supervisors, however, "may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." See Iqbal, 556 U.S. at 676. The Third Circuit has noted that there are two theories of supervisory liability applicable to claims brought pursuant to Bivens and 42 U.S.C. § 1983: (1) "a supervisor may be personally liable under § 1983 [and Bivens] if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations"; and (2) policymakers may also be liable under § 1983 and Bivens "if it is shown that such defendants, 'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm.'" See A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr., 372 F.3d 572, 586 (3d Cir. 2004). With respect to the second theory of liability, the plaintiff must allege that "(1) existing policy or practice creates an

unreasonable risk of constitutional injury; (2) the supervisor was aware that the unreasonable risk was created; (3) the supervisor was indifferent to that risk; and (4) the injury resulted from the policy or practice." See Merring v. City of Carbondale, 558 F. Supp. 2d 540, 547 (M.D. Pa. 2008) (citing Sample v. Diecks, 885 F.2d 1099, 1118 (3d Cir. 1989)).  In the instant case, Plaintiff's complaint fails to set forth plausible supervisory liability claims against Defendants White, Carvajal, and Barr.  He has pled no facts suggesting that they participated or acquiesced in the alleged violation of his rights, and he has not identified any policy that allegedly caused the violation of his rights.  See McTernan v. City of York, Pa., 564 F.3d 636, 658 (3d Cir. 2009).

### 3. Claims Against Defendant Ball

The Eighth Amendment prohibits the infliction of cruel and unusual punishment on prisoners.  In the context of medical care, the Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has incarcerated."  See Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999).  To establish an Eighth Amendment claim based on a prison's denial of medical care, an inmate must allege acts or omissions by prison officials that were sufficiently harmful to evidence deliberate indifference to a serious medical need.  See Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004); Natale v. Camden Cty. Corr. Facility, 318 F.3d 575, 582 (3d Cir. 2003).  The relevant inquiry is whether the defendant (1) was subjectively deliberately indifferent to (2) the plaintiff's objectively serious medical needs.  See Farmer, 511 U.S. at 834, 837; Chavarriaga v. N.J. Dep't of Corr., 806 F.3d 210, 226 (3d Cir. 2015).

The "deliberate indifference" prong of the Eighth Amendment test requires that the defendant actually know of and disregard "an excessive risk to inmate health or safety."  See Farmer, 511 U.S. at 837.  Circumstantial evidence can establish subjective knowledge if it shows that the excessive risk was so obvious that the official must have known about it.  See Beers-

Capitol v. Whetzel, 256 F.3d 120, 133 (3d Cir. 2001) (citing Farmer, 511 U.S. at 842). The Third Circuit has found deliberate indifference when a prison official: (1) knows of a prisoner's need for medical treatment and intentionally refuses to provide it; (2) delays necessary medical treatment for a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment. See Rouse, 182 F.3d at 197.

Because only egregious acts or omissions can violate this standard, mere medical malpractice cannot result in an Eighth Amendment violation. See White v. Napoleon, 897 F.2d 103, 108-10 (3d Cir. 1990); see also Pearson v. Prison Health Servs., 850 F.3d 528, 535 (3d Cir. 2017) ("[W]hen medical care is provided, we presume that the treatment of a prisoner is proper absent evidence that it violates professional standards of care."); Brown v. Borough of Chambersburg, 903 F.2d 274, 278 (3d Cir. 1990) ("[A]s long as a physician exercises professional judgment[,] his behavior will not violate a prisoner's constitutional rights."). If there is a dispute over the adequacy of the received treatment, courts have consistently been reluctant to second-guess the medical judgment of the attending physician. See Caldwell v. Luzerne Cty. Corr. Facility Mgmt. Emp., 732 F. Supp. 2d 458, 472 (M.D. Pa. 2010) ("Courts will not second guess whether a particular course of treatment is adequate or proper."); Little v. Lycoming Cty., 912 F. Supp. 809, 815 (M.D. Pa.), aff'd, 101 F.3d 691 (3d Cir. 1996). Therefore, a mere difference of opinion between the prison's medical staff and the inmate regarding the diagnosis or treatment that the inmate receives does not support a claim of deliberate indifference. See Pearson, 850 F.3d at 535; Monmouth Cty. Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987). Moreover, a prison doctor's use of a treatment regimen different than that prescribed by a private physician does not necessarily amount to deliberate indifference. See Johnson v. Cash, 557 F. App'x 102, 104 (3d Cir. 2013) (citing

McCracken v. Jones, 562 F.2d 22, 24 (10th Cir. 1977)).  The question is, therefore, "whether the defendant has provided the plaintiff with some type of treatment, despite whether it is what plaintiff wants."  See Jacobs v. Lisiak, Civ. No. 15-00686, 2016 WL 344431, at *4 (M.D. Pa. Jan. 28, 2016); Farmer v. Carlson, 685 F. Supp. 1335, 1339 (M.D. Pa. 1988).

In the instant case, Plaintiff has not set forth a plausible Eighth Amendment claim against Defendant Ball at this time.  In his complaint, Plaintiff alleges that Defendant Ball performed the surgery on his left hand and subsequently noted Plaintiff's complaints of ongoing drainage. (Doc. No. 1 at 2.)  In August of 2019, Defendant Ball recommended that Plaintiff's dressing be changed weekly, that his sutures be removed on September 9, 2019, and that he have a "recheck in the next ortho clinic."  (Id.)  While Plaintiff suggests that he had "numerous complaints" about pain and mobility in his left hand, Plaintiff fails to plead facts that Defendant Ball was aware of these complaints and refused or delayed treatment.  As pled, Plaintiff's complaint at most sets forth a disagreement as to the care Defendant Ball provided, and such disagreement is not sufficient to maintain an Eighth Amendment claim.  See Hemingway v. Gosa, No. 19-cv-583, 2020 WL 2556914, at *16 (M.D. Pa. May 20, 2020) (collecting pertinent authority). Accordingly, Plaintiff's claims against Defendant Ball will also be dismissed.

**B.     Leave to Amend**

Due to the applicable liberal pleading standard, a plaintiff should generally be granted leave to amend before a Court dismisses a claim that is merely deficient.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).  The Federal Rules of Civil Procedure allow for amendments to be granted liberally in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits."  See Foman v. Davis, 371 U.S. 178, 182 (1962).  The Court may deny a motion to amend where there is "undue delay, bad faith or

dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." See id. The Court must also determine whether a proposed amendment would be futile if the complaint, as amended, would not survive a motion to dismiss for failure to state a claim upon which relief may be granted. See In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002).

Based on the foregoing, the Court will permit Plaintiff to file an amended complaint against the individual Defendants that corrects the deficiencies identified herein. Plaintiff will not be permitted to amend his claims against the United States because it would be futile to do so. Plaintiff is advised that the amended complaint must be complete in all respects. It must be a new pleading that stands by itself without reference to the original complaint or any other document already filed. The amended complaint should set forth Plaintiff's claims in short, concise, and plain statements as required by Rule 8 of the Federal Rules of Civil Procedure. Each paragraph should be numbered. It should specify which actions are alleged as to which defendants and sufficiently allege personal involvement of the defendant in the acts that he claims violated his rights. Mere conclusory allegations will not set forth a cognizable claim.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Plaintiff's motion for leave to proceed in forma pauperis (Doc. No. 5) and dismiss Plaintiff's complaint (Doc. No. 1) for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court will afford Plaintiff thirty (30) days from the date of the Order accompanying this Memorandum in which to file an amended complaint consistent with the Court's discussion herein. An appropriate Order follows.